IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JULIANA BURD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-00689-CV-W-JTM |
| ) | |
| COUNTRY PREFERRED INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

# ORDER

On January 10, 2011, plaintiffs Juliana and Harold Burd ("the Burds") filed an action in the Circuit Court of Jackson County against Bryan Petway ("Petway") and Country Preferred Insurance Company ("the Insurance Company"). In their pleading, the Burds sought damages from Petway for an automobile accident involving Petway and a vehicle being operated by Juliana Burd. In addition, the Burds sued the Insurance Company, their insurer, alleging that Petway was an uninsured motorist at the time of the accident. On July 18, 2011, the Burds dismissed Petway without prejudice after they failed to locate Petway and serve process on him. Thereafter – with diversity of parties thus being created – the Insurance Company removed the case to this Court.

Presently pending before the Court is the Burds' motion to dismiss this case without prejudice. In response, the Insurance Company does not oppose the dismissal but asks the Court to place certain conditions on the ability of the Burds to refile this case. Apparently, the Insurance Company is concerned that the Burds will refile the action again in state court, again name Petway as a defendant, and again delay the proceedings while Petway is sought for service

of process. Presumably, the Insurance Company is concerned that the Burds can keep Petway as a "defendant" long enough for sufficient time to pass so that the case is no longer removable.

The Court understands the concern of the Insurance Company. However, the Court will not limit the forum where the Burds may refile this action, nor require any certification from the Burds regarding the availability of Petway to be amenable to service. In the event that the Burds refile in state court and name Petway as a defendant, the Court is confident that the Insurance Company can apprise the state court judge of the prior history in this case (including this Order) to forestall any potential further delay in this case.

Accordingly, it is

**ORDERED** that the MOTION TO DISMISS [Doc 24] is granted. This matter is **DISMISSED WITHOUT PREJUDICE**.

                                  */s/ John T. Maughmer*
                                  **JOHN T. MAUGHMER**
                                  **U. S. MAGISTRATE JUDGE**