IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JULIANA BURD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 11-00689-CV-W-JTM |
| | ) |
| COUNTRY PREFERRED INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | |

# ORDER

On January 10, 2011, plaintiffs Juliana and Harold Burd ("the Burds") filed an action in the Circuit Court of Jackson County against Bryan Petway ("Petway") and Country Preferred Insurance Company ("the Insurance Company"), seeking damages from Petway for an automobile accident involving Petway and a vehicle being operated by Juliana Burd and seeking a recovery from the Insurance Company based on uninsured motorist coverage. On July 18, 2011, the Burds dismissed Petway without prejudice after they failed to serve process on him. With now complete diversity of parties, the Insurance Company removed the case to this Court. Subsequently, the Burds moved to dismiss this case without prejudice in the hope of refiling the case in state court with Petway. On December 21, 2011, the Court granted the motion.

Thereafter, pursuant to FED. R. CIV. P. 54, the Insurance Company filed a bill of costs with the Clerk seeking an award of $4,558.50 in recoverable costs.. In response, the Burds have filed objections. The Burds raise two interrelated objections:

    (1)    the costs incurred by the Insurance Company – with the exception of the removal fee – were incurred while the case was pending in state court, and

>       (2)     the case (including Petway) has been refiled in state
>               court and an agreement has been reached in the new
>               state court that prior discovery may be used therein.

The Burds raise no additional objections.[1] Based on the stated objections, the Court denies the Burds' objections and awards $4,558.50 in costs to the Insurance Company.

The Federal Rules of Civil Procedure provide:

> Unless a federal statute, these rules, or a court order provides
> otherwise, costs – other than attorney's fees – should be allowed to
> the prevailing party. . . .

FED. R. CIV. P. 54(d)(1). The narrow expenses that a federal court may tax as a court cost under the discretionary authority found in Rule 54(d) is defined in 28 U.S.C. § 1920. With regard to the first category, to wit: "fees of the clerk and marshal," a colorable argument could be made that such fees are limited to amounts paid to the clerk of the <u>federal</u> court and the United States Marshal. 28 U.S.C. § 1920(1). In this case, however, the only such fees sought by the Insurance Company is the removal fee paid to the clerk of this Court.[2] The remaining categories of recoverable costs delineated in 28 U.S.C. § 1920, by contrast, are not so limited. *See*, *e.g.*, 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily <u>obtained for use in the case</u> [*emphasis added*]"). The Court can see no valid reason to distinguish between costs incurred pre-removal and post-removal. Indeed,

---

[1] "Each party objecting to a bill of costs shall file, within 14 days of being served, a memorandum stating <u>specific objections</u>." W.D. MO. LOCAL R. 54.1 (*emphasis added*).

[2] Federal filing fees for removal are "fees of the clerk" that are typically allowable under Section 1920. *Buehrle v. City of O'Fallon*, 2012 WL 579473, op. at *2 (E.D. Mo. Feb. 22, 2012). By contrast, where a case involves the payment of a removal bond premium to the state court, such a cost is not recoverable in the Eighth Circuit. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

2

if the case had gone to trial, the Court logically would expect whichever party prevailed to seek recovery of these state court costs.

The Court is also not persuaded by the Burds' second argument. Regardless of the outcome in the second state case, the subject costs were incurred in <u>this</u> case and, thus, are recoverable costs under FED. R. CIV. P. 54 to the prevailing party in <u>this</u> case.

Accordingly, it is

**ORDERED** that Defendant Country Preferred Insurance Company is awarded $4,558.50 in costs under FED R. CIV. P. 54.

    /S/ *JOHN T. MAUGHMER*
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**